IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| L.P.R. CONSTRUCTION CO., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 6:24-cv-03224-MDH |
| | ) |
| DOING STEEL FABRICATION, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff L.P.R. Construction Co., LLC's ("LPR") Motion to Increase Lien Bond Amount. (Doc. 56). Plaintiff has filed suggestions in support (Doc. 57), Defendant Doing Steel Fabrication, LLC ("Doing Steel") has filed suggestions in opposition (Doc. 66) and Plaintiff has filed a reply. (Doc. 67). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion to Increase Lien Bond Amount is **DENIED**.

## BACKGROUND

This case arises out of arises out of a construction litigation dispute for contract damages. Plaintiff LPR was a sub-subcontractor to Defendant Doing Steel based on a written contract for a project in Arkansas owned by Walmart. Plaintiff is claiming a contract balance owned by Defendant Doing Steel. Plaintiff filed a lien against the Walmart property to secure its claim for contract damages. On or around December 28, 2023, Defendant Doing Steel obtained a release of the property from LPR's lien by posting the Mechanic's Lien Release Bond ("Bond") in the amount of $4,000,000.00 pursuant to Arkansas statues.

1

Plaintiff now asks this Court to increase the amount of Defendant Doing Steel's Bond securing LPR's Claims. Plaintiff asks this Court to increase the amount of the Bond to $6,000,000.00 arguing that based on the Missouri Private Prompt Pay Act ("MPPPA"), Mo. Rev. Stat. § 431.180, the prejudgment interest alone will increase LPR's claim over the $4,000,000.00 penal sum of the Bond. Defendant Doing Steel argues that Ark. Code Ann. § 18-44-118 only applies to the initial bond filing to contest a lien and does not leave the door open for increasing the bond amount. Defendant Doing Steel additionally argues that LPR's interest and attorney fee calculation is improperly inflated, and the Bond does not cover attorney fees. The Court will take each argument in turn.

## ANALYSIS

### I.  Ark. Code Ann. § 18-44-118

Defendant Doing Steel argues that there is nothing in Ark. Code Ann. §18-44-118 subsection (e) that gives a party the right to come back and seek an increase in the bond amount after the lien has already been discharged. Defendant Doing Steel asserts that Subsection (e) only applies to the initial filing of a bond and whether it is accepted or rejected, not after a bond has been accepted and the lien has been discharged. Plaintiff argues that the second paragraph of Subsection (e) provides an entirely separate mechanism to challenge the bond, not at issuance, but during the pendency of the bond. Plaintiff argues that the definition of "interlocutory" is during the litigation, not limited to its inception.

Ark. Code Ann. § 18-44-118 governs the filing of bond in contest of lien. The relevant portion of the statute states:

> (a)(2) The bond shall be conditioned for the payment of the amount of the lien, or so much of the lien as may be established by suit, together with interest and the costs of the action, if upon trial it shall be found that the property was subject to the lien.
>
> (e)(1) Any party aggrieved by the acceptance or rejection of the bond may apply to any court of competent jurisdiction by an action which is appropriate.
>
>> (2) Upon notice as required by law, the court shall have jurisdiction to enter an interlocutory order as may be necessary for the protection of the parties by:
>>
>>> (A) requiring additional security for the bond;
>>>
>>> (B) reinstating the lien in default of the bond, pending trial and hearing; or
>>>
>>> (C) requiring acceptance of the bond as may be necessary for the protection of the parties

Ark. Code Ann. §§ 18-44-118(a)(2) and (e)(1)-(2).

The Court agrees with Plaintiff. The plain language of Ark. Code Ann. § 18-44-118(e)(2) gives a court of jurisdiction the ability to enter an interlocutory order as may be necessary for the protection of the parties. Defendant Doing Steel's connotation of the statute would seem to be at odds with the purpose and intent of the Arkansas statute. As such, the Court finds that Plaintiff is within its rights to ask for an increase to the Bond amount and this Court has jurisdiction to effectuate it should it be necessary for the protection of the parties. For the reasons stated, the Court finds that Ark. Code Ann. § 18-44-118(e)(2) allows Plaintiff to ask for a change in the Bond amount and this Court may change the Bond amount should it be warranted.

## II. Interest and Attorney Fees

Defendant Doing Steel next argues that the Court should deny Plaintiff's Motion because it is too premature to determine whether Plaintiff's purported speculative damages are recoverable, let alone warrant a $2,000,000.00 increase to the Bond amount. Defendant Doing Steel argues that the MPPPA does not mandate recovery of attorney fees or interest and that decision is left to the

discretion of the trial court. Defendant Doing Steel further argues that there is a question as to whether the MPPPA applies to the bond claim or whether Arkansas interest statute should apply. Plaintiff argues that the amounts due for disputed charge orders to the minimum principal amount due to Plaintiff yields a recovery of nearly $4.1 million without accounting for attorney fees and costs. Plaintiff further argues that the MPPPA is applicable as Defendant Doing Steel Subcontract Agreement with Plaintiff states that Missouri law applies.

The Subcontract Agreement between Defendant Doing Steel and Plaintiff explicitly talks about what law is to be followed if a breach is to occur. The Subcontract Agreement states "[t]his Agreement and all rights of the parties thereunder shall be governed by the laws of the State of Missouri." (Doc. 57-2, page 10, Article 13). Based upon the language of the Subcontract Agreement the Court finds that the MPPPA applies to Plaintiff's claim. The MPPA is codified as Mo. Rev. Stat. § 431.180. The statute states in relevant part:

> [t]he court *may in addition* to any other award for damages, award interest at the rate of up to one and one-half percent per month from the date payment was due pursuant to the terms of the contract, and reasonable attorney fees, to the prevailing party.

Mo. Rev. Stat. § 431.180.2. (emphasis added).

The Court finds that Plaintiff's request for an increase in the Bond amount is premature at this time. Mo. Rev. Stat. § 431.180 does allow for interest and reasonable attorney fees to be paid to the prevailing party in this case. However, these are within the discretion of this Court whether to award interest and, if finding an award of interest is warranted, how much interest will be awarded. While the Court understands Plaintiff's position, it will not mandate an increase in the Bond amount based on conjecture of what may or may not result at the outset of this case. For these reasons, Plaintiff's Motion to Increase Lien Bond Amount is **DENIED**.

4

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Increase Lien Bond Amount is **DENIED**.

**IT IS SO ORDERED.**

Date: August 19, 2025

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**